PLEUS, J.
The husband in this appeal principally challenges the trial court’s calculation of his child support obligation. The trial court added the cost of health insurance into the amount of support required but failed to credit to the husband the amount deducted from his paycheck for that insurance. See § 61.30(8), Fla. Stat. (1999). The wife concedes the credit should have been given but argues no real harm occurred because the trial court understated the husband’s income. The husband replies the trial court may have reduced his income by judicially noting that his net income was lowered by his loss of his ability to claim the children as dependents. We are unable to conclude how the trial court arrived at its income figure because of the lack of findings on this issue. Findings by the trier of fact permit the reviewing court to follow the logic of the trial court and determine whether the trial court acted within its discretion in considering and applying the statutory criteria. *797 Because no such findings exist in this case on the disputed matter of the husband’s income, and both parties concede the prepaid cost of the health insurance should have appeared as a deduction from the husband’s support obligation, we reverse the portion of the final judgment setting forth the child support obligation.
We find no error in the husband’s remaining points on appeal except that we agree with him that the issue of the amount of credit for retroactive child support needs to be re-addressed by the trial court. The final judgment of July 22, 1999 grants the husband a credit of $2,000 for payments made between the date of the final hearing, April 7, 1999, and the date of the final judgment. On August 30, 1999, the trial court, upon notice from wife’s counsel, attempted to correct the final judgment by increasing the amount of this credit to $3,332. The trial court, however, on August 30, was without jurisdiction to modify its final judgment. The trial court had denied the husband’s motion for rehearing on August 4, 1999 and the husband filed his notice of appeal on August 19, 1999, thereby shifting jurisdiction to this court to review the final judgment.
We affirm the award of the $2,000 credit. Given, however, the wife’s concession that this amount is lower than the amount actually paid, the trial court, on remand, may increase the amount of the credit, and, if it deems necessary, conduct an additional hearing on this issue to determine the total amount of credit due. We authorize, but do not require, the award of appellate attorney’s fees when the trial court considers the award of trial fees. On remand, the trial court shall determine the appropriate amounts.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
HARRIS and PETERSON, JJ., concur.